Charles H. Bell, Jr. (SBN 060553)
*cbell@bmhlaw.com*
Terry J. Martin (SBN 307802)
*tmartin@bmhlaw.com*
**BELL, McANDREWS & HILTACHK, LLP**
455 Capitol Mall, Suite 600
Sacramento, California 95814
Telephone:      (916) 442-7757
Facsimile:      (916) 442-7759

Attorneys for Defendant
DONALD JOHN TRUMP

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANIS KAIGHN, GREGORY R. KAIGHN, individually and as Co-trustees on behalf of the People of the United States who hold the underlying sovereignty in the American Democracy,<br><br>                    Plaintiffs,<br><br>vs.<br><br>DONALD JOHN TRUMP,<br><br>                    Defendant. | Case No.  2:16-cv-02227-KJM-CKD<br><br>**DEFENDANT DONALD JOHN TRUMP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT.**<br><br>**Fed. R. Civ. Proc., rules 8, 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6).** |

**TO:    PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 18, 2016, at 10:00 a.m., before the Honorable Kimberly J. Mueller, United States District Judge, Robert T. Matsui Federal Building, 501 I Street, 15th Floor, Courtroom 3, Sacramento, California 95814, Defendant DONALD JOHN TRUMP ("Defendant") will and does hereby move this Court to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure, rules 8, 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6).

Said motion will be based on this Notice, on the Points and Authorities filed in support of this motion, on any Declarations filed in support thereof, and/or on any Judicial Notice requested herein, and such other and further evidence that may be introduced at the hearing of the Motion.

/ / /

1

1    The grounds of this motion are: (1) the Complaint fails to establish the Court has subject

2    matter jurisdiction, personal jurisdiction and venue; and (2) The Complaint fails to state a claim

3    upon which relief can be granted.

4    Prior to the filing of this motion, counsel for Defendant engaged in a pre-filing meet and

5    confer with counsel for Plaintiffs to discuss thoroughly the substance of the instant Motion to

6    Dismiss and any potential resolution. (See Decl. of Terry J. Martin, ¶¶ 2-4.)

7    Dated:  October 20, 2016.                    Respectfully submitted.

8                                                **BELL, McANDREWS & HILTACHK, LLP**

9

10                                               BY: _____/s/_____.
                                                      CHARLES H. BELL, JR.
11                                                    TERRY J. MARTIN

12                                               Attorneys for Defendant
                                                 DONALD JOHN TRUMP
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### I.

### INTRODUCTION

Plaintiffs' Complaint (Dkt. 2:16-cv-02227-WBS-DB) fails to meet even the barest standards of federal case pleading: it fails to properly plead subject matter jurisdiction, personal jurisdiction and venue.  Additionally, the Complaint does not state a claim on which relief may be granted.  Plaintiffs' Complaint must therefore be dismissed pursuant to Fed. R. Civ. Proc., rules 8,[1] 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6).

### II.

### PLAINTIFFS' ALLEGATIONS

Plaintiffs' claims are set forth in paragraphs 11 through 17 of their Complaint, but reduced to their essence, are the claims that: (a) "the Illuminati" are a Communist organization within the meaning of the Communist Control Act of 1954, 50 U.S.C., § 841 *et. seq.* (Complaint, ¶ 12); and (b) that Defendant is a member of the "Illuminati" and hence a Communist (Complaint, ¶ 16). On this basis, Plaintiffs ask this Court in their Prayer for Relief to enjoin Defendant from serving as President of the United States (Complaint, ¶ 20).

### III.

### ARGUMENT

### A.   LACK OF SUBJECT MATTER JURISDICTION.

Defendant moves this Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. Proc., rule 12(b)(1), for lack of subject matter jurisdiction since Plaintiffs do not have standing to sue on any of their claims.  Because standing is a jurisdictional matter that assists in determining whether Article III of the U.S. Constitution grants federal courts the power to decide the case, this claim is properly brought under the rule of civil procedure governing motions to dismiss for lack

---

[1] Failure to meet Fed. R. Civ. Proc., rule 8 requirements is discussed in Part III,  D, at pp. 6-8 herein.

of subject matter jurisdiction. *Alexander v. Kujok* (9th Cir. 2016) 158 F.3d 2012, 2017 (citing *Ballentine v. United States* (3d Cir. 2007) 486 F.3d 806.)

Plaintiffs sue "in [their] own individual capacity[ies] and as co-trustee[s] on behalf of the People of the United States who hold the underlying sovereignty in the American democracy" (Complaint, ¶¶ 8 and 9) seeking to enforce 50 U.S.C., § 841 *et. seq.*, against Defendant. However, that statute is a criminal law which must be enforced by a prosecutor.  No private party has the ability to enforce the Communist Control Act or the Internal Security Act of 1950, to which 50 U.S.C., § 843 subjects members of "Communist-action organizations."  Plaintiffs' belief in their ability to sue on these rather bizarre allegations derives from their apparently self-conferred status as "co-trustee[s] on behalf of the People of the United States" (Complaint, ¶¶ 8 and 9).  In the related case of *Kaighn v. United States* (16-CV-02117-KJM-CKD), they explain:

> As a matter of law, the overthrow of government constitutes a 'failure of consideration' as well as an 'anticipatory repudiation' of the Constitution. Neither the People nor the States got what they bargained for. Rescission of the Constitution eliminates all legal authority of the federal government and leaves the dictatorship 'hanging.' The Roosevelt Dictatorship no longer has a 'government' to hold hostage. The Receiver for the United States will take and maintain custody of the assets of the United States and protect the financial interests of the American people. As trustees, plaintiffs are the temporary political and legal authorities pending the full restoration of sovereignty. (Complaint, ¶ 46.)

At no point do Plaintiffs point to any authority explaining how they came to possess the status of "co-trustee[s] on behalf of the People of the United States" or what exactly grants them standing to enforce the federal criminal statutes.  In the absence of prosecutorial powers, they may not.  Therefore, Plaintiffs' Complaint must be dismissed for lack of standing.

Plaintiffs also attempt to litigate Defendant's qualifications to serve as President of the United States (Complaint, ¶ 20).  However, under the Twelfth and Twentieth Amendments to the United States Constitution, a candidate's eligibility "is committed under the Constitution to the electors and the legislative branch, at least in the first instance. Judicial review—if any—should occur only after the electoral and Congressional processes have run their course." *Robinson v. Bowen* (N.D. Cal. 2008) 567 F.2d 1144, 1147 (quoting *Texas v. United States* (1998) 523 U.S. 296, 300–02.)  Therefore, this Court does not possess the subject matter jurisdiction to hear

4

Plaintiffs' claims regarding Defendant's qualifications to serve in office.

**B.       LACK OF PERSONAL JURISDICTION.**

Defendant moves this Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. Proc., rule 12(b)(2) for lack of personal jurisdiction since Plaintiffs' threadbare allegations are defective in meeting the demands of the Due Process Clause of the Fifth Amendment.

Plaintiffs allege that, since Defendant is a candidate for President of the United States, this is sufficient to confer personal jurisdiction on courts in the State of California (Complaint, ¶ 10). However, they cite no law to support this and Defendant is unaware of any authority conferring personal jurisdiction on the federal courts of a state simply by the coincidence of Defendant's status as a candidate for the office of President.

Rather, to satisfy the Due Process Clause of the Fifth Amendment, if he be not present, domiciled, or consent to jurisdiction within the territory of the forum, Defendant must "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement* (1945) 326 U.S. 310, 316. Plaintiffs have not alleged that Defendant has had any contacts with California at all and Defendant was neither present at service, nor was he domiciled in California. Furthermore, Defendant did not consent to jurisdiction in California. Therefore, Plaintiffs' Complaint must be dismissed for lack of personal jurisdiction on Due Process grounds.

**C.       IMPROPER VENUE.**

Defendant moves this Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. Proc., rule 12(b)(3) for improper venue since Plaintiffs have not met their burden of showing that venue is proper in the Eastern District of California.

Plaintiffs' claim that *their* residence in the Eastern District of California is sufficient to make venue proper in that district pursuant to 28 U.S.C., § 1391. However, that statute does not confer proper venue on a judicial district in which the *plaintiff* resides except pursuant to subsection (e)(1) relating to matters in which defendant is an officer or employee of the United

States.  Plaintiffs do not allege that Defendant is an officer or employee of the United States acting under color of authority.  Quite the contrary, Plaintiffs allege that Defendant is trying to overthrow the government (Complaint, ¶ 15).

28 U.S.C., § 1391 requires that a civil action be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiffs have not alleged that Defendant resides in California or that a substantial part of the events or omissions giving rise to their Complaint took place in California.  Plaintiffs have not pleaded that events or omissions giving rise to their complaint took place in Sacramento, Los Angeles, San Francisco, or any other place in California that Defendant became or acted as "the 'leading player' in the New World Order and the conspiracy to destroy America" (Complaint, ¶ 17).  Therefore, they have not properly carried their burden and the Complaint must be dismissed for improper venue.

**D.    FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.**

Defendant moves this Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. Proc., rule 12(b)(6) for failure to state a claim on which relief can be granted, since, in addition to invoking an unconstitutional statute, their allegations do not meet the rule's requirements.

Plaintiffs purport to bring claims under the Communist Control Act – a statute that was ruled unconstitutional as a bill of attainder. *Blawis v. Bolin* (D. Ariz. 1973) 358 F.Supp. 349, 357. Therefore, the statute is invalid and no relief can be afforded under it.

Even if the statute were still valid, to survive a 12(b)(6) motion, a permissible complaint must contain a short, plain statement of the facts showing the pleader is entitled to relief as set

6

1  forth in Fed. R. Civ. Proc., rule 8(a)(2).  A cognizable claim for relief must further be supported

2  by "plausible" factual allegations, sufficient to meet the pleading requirements of *Bell Atlantic*

3  *Corp v. Twombly* (2007) 550 U.S. 544 and *Ashcroft v. Iqbal (2009)* 556 U.S. 662.  Plaintiffs do

4  not meet this requirement by their rambling Complaint that fails to properly identify relevant

5  evidentiary facts and applicable law.  Their Complaint should therefore be dismissed.

6       Fed. R. Civ. Proc., rule 8(a)(2)'s requirement that a pleading contain a "short and plain

7  statement of the claim showing that the pleader is entitled to relief" does not require "detailed

8  factual allegations." *Twombly* at 555. However, it does require "more than an unadorned the-

9  defendant-harmed-me accusation." *Iqbal* at 678.  Simply put, in order to survive a motion to

10  dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

11  relief that is plausible on its face.'" *Id.* (quoting *Twombly* at 570).  This plausibility standard

12  requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.*  Indeed, where

13  a complaint pleads facts "merely consistent with" the defendant's liability, it "stops short of the

14  line between possibility and plausibility of entitlement to relief" required by Fed. R. Civ. Proc.,

15  rule 8(a). *Twombly* at 557; *see also Iqbal* at 679.  Furthermore, "the tenet that a court must accept

16  as true all of the allegations contained in a Complaint is inapplicable to legal conclusions."

17  *Twombly* at 557.

18       Plaintiffs have failed to "plead sufficient factual matter" to show that the Defendant

19  violated the unconstitutional Communist Control Act. *Iqbal* at 677.  A court considering a motion

20  to dismiss "can choose to begin by identifying pleadings [within the complaint] that, because they

21  are no more than conclusions, are not entitled to the assumption of truth." *Id.*  In the instant

22  action, Plaintiffs' Complaint is a litany of wildly imaginative stories about the "New World

23  Order" and "World War III," which a reasonable person would find to fall far short of *Iqbal*'s

24  requirement that the complaint present plausible allegations.  Plaintiffs do not attempt to point to

25  any evidence of their claims, choosing instead to present to this Court a Complaint full of

26  conclusory statements such as "Donald Trump is a member of the 'Illuminati'" (Complaint, ¶ 16),

27  "Communism is a fiction created by the Illuminati" (Complaint, ¶ 12), and "Donald John Trump

28  clearly meets the definition of a member of the Communist Party" (Complaint, ¶ 17) that are not

entitled to the presumption of truth for the purpose of surviving a motion to dismiss.  The implausibility of Plaintiffs' claims demands that this Court grant the motion to dismiss, as does the fact that the statute at issue was ruled unconstitutional.

## V.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Complaint must be dismissed pursuant to Fed. R. Civ. Proc. rules 8, 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6).

Dated:  October 20, 2016.                    Respectfully submitted,

**BELL, McANDREWS & HILTACHK, LLP**

BY: _____/s/_____
                CHARLES H. BELL, JR.
                TERRY J. MARTIN

Attorneys for Defendant
DONALD JOHN TRUMP

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT