1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  GREGORY KAIGHN et al.,                    No.  2:16-cv-2227-KJM-CKD

12                 Plaintiff,

13       v.                                    ORDER

14  DONALD JOHN TRUMP,

15                 Defendant.

16

17              Gregory Kaighn, representing himself and Janis Kaighn, filed this action on

18  September 19, 2016, seeking a declaration that Donald Trump is a member of the Communist

19  Party and is therefore ineligible to serve as President of the United States.  Compl., ECF No. 1.

20  This matter is now before the court on defendant Trump's motion to dismiss the complaint.  Mot.,

21  ECF No. 26.  The Kaighns oppose this motion.  Opp'n, ECF No. 34.  The court submitted the

22  matter without hearing on November 15, 2016, in accordance with Local Rule 230(g).  ECF No.

23  48.  For the reasons explained below, the court GRANTS Trump's motion to dismiss with

24  prejudice.

25  I.       BACKGROUND

26              The Kaighns filed the complaint on September 19, 2016.  Compl.  The complaint

27  alleges (1) "the Illuminati" are a Communist organization within the meaning of the Communist

28  Control Act of 1954 ("the Act"), 50 U.S.C. § 841, id. ¶ 12; and (2) Trump is a member of "the

                                              1

Illuminati" and hence a Communist under the Act, *id.* ¶ 16. The Kaighns seek a declaration that Trump is a member of the Communist Party and therefore forfeits all "rights, privileges, and immunities." *Id.* ¶¶ 21–22. The Kaighns further seek preliminary and permanent injunctions barring Trump from becoming President of the United States. *Id.* ¶ 20.[1]

Trump moves to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction due to plaintiffs' lack of standing, Mot. 3–5; under Rule 12(b)(2) for lack of personal jurisdiction, *id.* at 5; under Rule 12(b)(3) for improper venue, *id.* at 5–6; and under Rule 12(b)(6) for failure to state a claim on which relief can be granted, *id.* at 6–8. The Kaighns oppose the motion and ask the court for leave to amend the complaint if the motion is granted. Opp'n.

For the reasons explained below, the court dismisses the complaint for lack of subject matter jurisdiction under Rule 12(b)(1). Accordingly, the court need not address defendant's other bases for dismissal.[2] Because the court finds amendment would be futile, the court denies the request for leave to amend.

II.     STANDARD

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377–78 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte* by the court. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their

---

[1] The Kaighns filed their complaint before Trump was elected President of the United States.

[2] Since filing the motion to dismiss considered here, defendant also filed a "Suggestion of Mootness," arguing dismissal is appropriate under Rule 12(b)(1) in light of Trump's intervening election to become President of the United States. *See* ECF No. 75. Because a court "may choose among threshold grounds for denying audience to a case on the merits," *Potter v. Hughes*, 546 F.3d 1051, 1055 (9th Cir. 2008), and constitutional principles of standing are primary, the court addresses here the issue of standing with which it was first presented.

2

jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial or no longer open to discussion.") (internal citations and quotations omitted). The burden of establishing jurisdiction rests upon the party asserting it. *Kokkonen*, 511 U.S. at 377.

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)). "To demonstrate standing, a plaintiff must (1) have suffered an injury in fact . . . ; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Pritikin v. Dep't of Energy*, 254 F.3d 791, 796–97 (9th Cir. 2001) (internal quotations and citations omitted) (alterations in original). "The party asserting federal jurisdiction bears the burden of establishing these [three standing] requirements at every stage of the litigation . . . ." *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010).

A plaintiff has met the injury-in-fact requirement for standing under Article III where she can show "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Pritikin*, 254 F.3d at 96. The plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." *Krottner*, 628 F.3d at 1143 (internal citations and quotations omitted). A suit violates "the framework of Article III" where it rests upon a "generalized grievance" because "the impact on [plaintiff] is plainly undifferentiated and 'common to all members of the public.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 575 (1992) (citing *United States v. Richardson*, 418 U.S. 166, 171, 176–177 (1974)).

To satisfy the causality element for Article III standing, "[t]he line of causation between the defendant's action and the plaintiff's harm must be more than attenuated." *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1141–42 (9th Cir. 2013) (quoting *Native Vill. of Kivalina*

*v. ExxonMobil Corp.*, 696 F.3d 849, 867 (9th Cir. 2012) (citations and quotes omitted).  A "causal chain does not fail simply because it has several links, provided those links are not hypothetical or tenuous and remain plausible." *Id.* (citations, quotes, and bracket omitted).  Nor does standing require the defendant's action to be the sole source of injury.  *See Barnum Timber Co. v. EPA*, 633 F.3d 894, 901 (9th Cir. 2011).  Nevertheless, "where the causal chain involves numerous third parties whose independent decisions collectively have a significant effect on plaintiffs' injuries, . . . the causal chain is too weak to support standing."  *Native Vill. of Kivalina*, 696 F.3d at 867 (citations, quotes, and bracket omitted).  The Supreme Court has clarified that the "fairly traceable" and "redressability" components for standing overlap and are "two facets of a single causation requirement."  *Wash. Envtl. Council*, 732 F.3d at 1146 (quoting *Allen v. Wright*, 468 U.S. 737, 753 n.19 (1984)).  "The two are distinct insofar as causality examines the connection between the alleged misconduct and injury, whereas redressability analyzes the connection between the alleged injury and requested judicial relief." *Id.*  "Redressability does not require certainty, but only a substantial likelihood that the injury will be redressed by a favorable judicial decision."  *Id.* (citing *Wolfson v. Brammer*, 616 F.3d 1045, 1056 (9th Cir. 2010)).

A Rule 12(b)(1) jurisdictional attack may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  *Id.*  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.  *Id.*

Below, the court considers whether the Kaighns have satisfied their burden to establish the court's subject matter jurisdiction.

III.    DISCUSSION

A.    Threshold Observations

Before assessing plaintiff's standing, the court makes three initial observations.

First, the complaint states in its introduction that the case is a subset of, and involves the same operative facts as, the "main action" found within the related case of *Kaighn v.*

4

*United States*, Case No. 16-cv-2117 (E.D. Cal. September 6, 2016).  Compl. ¶ 1.  This court

dismissed that related case on November 3, 2016 for want of subject matter jurisdiction and for

failure to state a claim.  *See Kaighn v. United States*, Case No. 16-cv-2117, ECF Nos. 45–46.

This case perhaps must necessarily fail, as it is a mere "subset of" the dismissed case and relies on

the same facts as the dismissed case.  Nonetheless, the court proceeds to address the merits of the

pending motion below.

Second, the court recently declared Gregory Kaighn a vexatious litigant and

suspended him from practicing before this court.  *Kaighn v. United States*, Case No. 16-cv-2117,

ECF No. 61 (order issued April 12, 2017).  Because the motion to dismiss here was submitted

before that order, ECF No. 48 (minute order issued November 11, 2016), the court proceeds to

address defendant's motion even though plaintiffs opposed it while Mr. Kaighn was representing

Mrs. Kaighn.

Finally, the Kaighns purport to bring this case on behalf of themselves and "as co

trustees on behalf of the People of the United States who hold the underlying sovereignty in the

American Democracy."  Compl. ¶¶ 8–9.  Neither the complaint nor the Kaighns' opposition

provides any explanation or legal basis for proceeding in this manner.  *See* Opp'n 9 (asserting,

without explanation, "[w]e are two private American citizens.  We are restoring our

Constitutional Democracy for everyone, not just ourselves.  We are the legal representatives of

every America [sic] in that regard.").  The court STRIKES any reference in the complaint to the

Kaighns proceeding as "co-trustees on behalf of the People of the United States."  *See* Fed. R.

Civ. P. 12(f) (permitting the court, on its own, to strike from a pleading any "redundant,

immaterial, impertinent, or scandalous matter").

B.      Standing

Trump's motion to dismiss challenges the Kaighns' standing to sue under the

Communist Control Act, which Trump explains is a criminal law not subject to private

enforcement.  Mot. 4.  In response, the Kaighns argue, first, that the Act is not found within Title

18, the criminal law division of the United States Code, but instead within Title 50, and is subject

to private enforcement.  Opp'n 7.  Second, the Kaighns argue with unclear foundation that

"Donald Trump has tried to kill us countless times and kidnapped our son. We clearly have individual legal standing arising out of our personal damages." *Id.* at 2. Finally, the Kaighns argue Trump is equitably estopped from asserting lack of standing as a defense. *Id.* at 7 ("TRUMP HAS OVERTHROWN THE DULY ELECTED GOVERNMENT OF THE UNITED STATES. HE IS THEREFORE 'ESTOPPED' FROM ASSERTING THE DEFENSES THAT HE PERSONALLY CREATED."). Because the Kaighns' lack of standing may leave this court without subject matter jurisdiction, the court need not address whether Trump is equitably estopped from asserting lack of standing as a defense; the court has an obligation to determine whether it lacks the power to adjudicate and must do so *sua sponte*. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3); *Ruhrgas*, 526 U.S. at 583–84.

The court finds the Kaighns do not meet the requirements of Article III standing. First, the Kaighns do not satisfy the "injury-in-fact" requirement. The complaint does not allege any "concrete, particularized, and actual or imminent" harm suffered by plaintiffs. *See generally* Compl. The complaint asserts only a generalized grievance that Trump used a "scorched earth" methodology during the 2016 Presidential Election, *id.* ¶ 15; is a "member of the Illuminati" and "waging war against America," *id.* ¶ 16; and is a "leading player in the New World Order," *id.* ¶ 17. For all of these allegations, "the impact on [plaintiff] is plainly undifferentiated and 'common to all members of the public.'" *Lujan*, 504 U.S. at 575. Effectively conceding the point, the Kaighns argue they have standing by virtue of being American citizens. Opp'n 7 ("If the American people do not have standing then who does?? Our government has been overthrown and the Constitution has failed, therefore every American has standing."). The complaint does not satisfy injury-in-fact.

Second, the Kaighns do not satisfy the two remaining standing requirements. Even if they could satisfy the injury requirement, which their pleadings do not, the Kaighns fail to establish the constitutional requirements of causation and redressability. As explained above, a plaintiff must show "a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . traceable to the challenged action of the defendant . . . ." *Pritikin*, 254 F.3d at 796-97. The Kaighns do not explain how any injury they have suffered is connected to

6

the challenged action of the defendant—i.e., Trump's alleged involvement in the "Illuminati" and the "New World Order." Because the Kaighns fail to provide any causal narrative whatsoever, they do not meet their burden to establish causation. Redressability, which analyzes the connection between the alleged injury and requested judicial relief, fails for similar reasons. The Kaighns have not shown how declaring Trump a Communist would redress their injury, if the court even had the power to render such a declaration.[3] The Kaighns' prayer for declaratory and injunctive relief is tied only to the Kaighns' generalized grievance, which does not establish the constitutional injury requirement as discussed above.

The motion to dismiss is GRANTED.

## IV.   LEAVE TO AMEND

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is to be granted freely, Fed. R. Civ. P. 15(a), and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party (1) undue prejudice, (2) is sought in bad faith, (3) constitutes an exercise in futility, or (4) creates undue delay." *Ascon Props.*, 866 F.2d at 1160 (internal citations omitted).   A claim is considered futile and leave to amend shall not be given if there is no set of facts that could be proved under the amendment to constitute a valid claim. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988).

---

[3] At least one other court has held the Communist Control Act of 1954 unconstitutional. *Blawis v. Bolin*, 358 F. Supp. 349, 357 (D. Ariz. 1973) (holding unconstitutional the federal Act, and a state counterpart, as impermissible bills of attainder and as violating due process and equal protection).

Here, in their opposition to Trump's motion, the Kaighns point to new assertions—Trump's attempted murder and kidnapping—that theoretically would satisfy the injury-in-fact requirement if they could be pled in compliance with Federal Rule of Civil Procedure 11. In this respect, then, it might be possible to cure the complaint. However, as explained above, neither the complaint nor the opposition offers any basis for tying the asserted injury to the Kaighns' claim here. The Kaighns patently have pointed to "no set of facts that could be proved under the amendment to constitute a valid claim," and amendment would be futile. The court DENIES the request for leave to amend.

V.    CONCLUSION

For the reasons explained above, the court GRANTS the motion to dismiss and DENIES the request for leave to amend the complaint.

All other pending motions, ECF Nos. 5, 24, 47, 50, 75 and 80 are DENIED as moot.

The Clerk of Court is directed to close this case.

This order resolves ECF No. 26.

IT IS SO ORDERED.

DATED: August 10, 2017.

_____
UNITED STATES DISTRICT JUDGE